# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OHIO
## EASTERN DIVISION

**JAMES ROBINSON,**

        **Petitioner,**

        v.

**WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,**

        **Respondent.**

**Case No. 2:19-cv-2636**
**Judge Michael H. Watson**
**Chief Magistrate Judge Elizabeth P. Deavers**

## ORDER

On August 13, 2019, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 5. Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. ECF No. 10.

Petitioner asserts, as his sole ground for relief, that the evidence is constitutionally insufficient to sustain his convictions on eight counts of trafficking in heroin. The Magistrate Judge recommended dismissal of his claim as procedurally defaulted, based on Petitioner's failure to file a timely appeal in the Ohio Supreme Court. The Ohio Supreme Court denied Petitioner's motion for a delayed appeal. Petitioner objects to the dismissal of this action as procedurally defaulted. He again asserts, as cause for his procedural default, the denial of the

effective assistance of counsel. He has attached a letter from the Ohio Disciplinary Counsel indicating that his attorney, Adam Lee Nemann, filed Petitioner's appeal with the Ohio Supreme Court one day late but that this was an isolated incident. The Ohio Supreme Court denied Petitioner's motion for a delayed appeal, and his attorney refunded Petitioner's fee. The disciplinary counsel found no evidence of misconduct and dismissed Petitioner's grievance against Nemann. Doc. 10-1, PAGEID ## 56-57.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. As discussed in the Magistrate Judge's Report and Recommendation, an attorney's miscalculation of the filing deadline for an appeal in the Ohio Supreme Court, where a criminal defendant does not have a right to counsel, does not constitute cause for a procedural default. Report and Recommendation, ECF No. 5, PAGEID # 44. Therefore, Petitioner's Objection, ECF No. 10, is **OVERRULED**. The Report and Recommendation, ECF No. 5, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must

establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of this action as procedurally defaulted. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**